## McGEHEE et al. *vs.* POSEY, Administrator, &c.

[ACTION FOR BREACH OF SPECIAL CONTRACT TO DELIVER COTTON, &C.]

1. *Damages; measure of, for breach of contract.*—Where the contract, by its terms, is payable in certain chattels, the value of the chattels, at the time of delivery, is the measure of damages for the breach of the contract.

APPEAL from the Circuit Court of Lowndes.
Tried before Hon. GEORGE GOLDTHWAITE.

THIS action was brought by the appellee, as administrator, &c., against the appellants, and was commenced on the 27th March, 1866, to recover damages for the breach of a certain promise in writing, made by the appellants, a copy of which is as follows :

"BRAGG'S STORE, Nov. 21st, 1864.

By the first day of January, 1866, I promise to pay G. A. Thigpen, administrator, &c., thirty-five hundred pounds seed cotton, and seventy-five bushels corn, for the rent of the land I am living on. The above note is given for the rent of the land for sixty-five." The breach of the contract assigned, was the non-delivery of the corn and cotton. The court below charged the jury, to find for the plaintiff, the value of the cotton and corn, on the 1st day of January, 1866, with interest from that time to the time of the trial. The defendant excepted to this charge, and asked the court to charge the jury—1st. That if they found from the evidence that Confederate money was the only currency of the country when the contract was made, then the jury might presume, in absence of evidence to the contrary, that the contract was made with reference to the value of the rent of the land, and the corn and the cotton, at the time the contract was made, in Confederate money. 2d. That if the jury believe from the evidence that the contract was made with reference to the value of the rent of the land, the corn and the cotton, in Confederate money, at the time the contract was made, then the jury must assess the damages for the breach of the contract, at the value of the cotton and corn, at the time the contract was made, with interest from that time to the time of the trial. 3d. That if the jury believe from the evidence that the contract was made with reference to the value of the rent of the land, and the corn and the cotton, in Confederate money, at the time the contract was made, then the jury may assess the damages at the value of the rent of the land at the time the contract was made, with interest thereon, from that time to the time of the trial." The court refused to give each one of these charges, and defendant excepted, and appealed to this court.

JAMES BUEL, for appellants.
CLEMENTS & WILLIAMSON, contra.

A. J. WALKER, C. J.—The third section, 26th ordinance of the convention of 1865, has no relation to the

measure of damages in this case. The two subjects of regulation of the section are, the consideration and the currency in which contracts are to be paid. There is no question of consideration here, and no question as to the currency in which payment was to be made. The contract by its terms was payable in certain chattels; the value of which, at the time of delivery, is the measure of damages.—*Rose v. Bozeman*, 40 Ala. 678. We do not think either one of the charges asked should have been given. *Scheible v. Bacho*, 40 Ala. 423.

Affirmed.